# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES EDWARD SPLOND,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77139

**FILED**

SEP 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault of a minor under 14 years of age, attempted sexual assault of a minor under 14 years of age with the use of a deadly weapon, lewdness with a child under the age of 14, attempted lewdness with a child under the age of 14, and child abuse and neglect. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

The charges in this appeal stem from the allegations of two victims, S.C. and G.M. Regarding G.M., the State charged appellant Charles Splond by information with sexual assault of a minor under 14 years of age, lewdness with a child under the age of 14, attempted lewdness with a child under the age of 14, and child abuse and neglect. Regarding S.C., the State charged Splond by information with sexual assault of a minor under 14 years of age and attempted sexual assault of a minor under 16 years of age with the use of a deadly weapon.

After the for-cause challenges, the venire consisted of 23 men and 13 women. The State used its peremptory challenges to remove nine men and one woman. Splond raised a *Batson* challenge to the State's use of its peremptory challenges, arguing that the State engaged in purposeful gender discrimination by removing nine men from the venire. After Splond attempted to make a prima facie showing under the first prong of *Batson v.*

20-35920

*Kentucky*, 476 U.S. 79 (1986), and before the district court made its ruling on the same, the State asked to be heard. While presenting its argument, the State admitted that it was "trying to have a balance [on the jury] of men and women." Ultimately, the district court denied Splond's *Batson* challenge and the jury convicted Splond on all counts.

First, Splond argues that the district court misapplied the three-step analysis required under *Batson*. We agree for the reasons set forth below.

The Equal Protection Clause prohibits litigants from exercising peremptory challenges based solely on gender. U.S. Const. amend XIV, § 1; Nev. Const. art. 4 § 21; *Watson v. State*, 130 Nev. 764, 774, 335 P.3d 157, 165 (2014); . We review a district court's resolution of a *Batson* challenge for clear error. *Kaczmarek v. State*, 120 Nev. 314, 334, 91 P.3d 16, 30 (2004). When resolving such a challenge, Nevada caselaw requires district courts to use the three-step analysis set forth in *Batson*. *Id.* at 332, 91 P.3d at 29. The *Batson* three-step analysis is as follows:

> (1) the opponent of the peremptory challenge must make out a prima facie case of discrimination, (2) the production burden then shifts to the proponent of the challenge to assert a neutral explanation for the challenge, and (3) the trial court must then decide whether the opponent of the challenge has proved purposeful discrimination.

*Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). However, when the proponent offers an explanation for their peremptory challenge before the trial court rules on the first step, the first step becomes moot and the trial court must move on to the third step. *Kaczmarek*, 120 Nev. at 332, 91 P.3d at 29.

Here, the State offered an explanation for its use of its peremptory challenges before the district court ruled on step one of Splond's *Batson* challenge. Therefore, the district court was required to proceed to step three of *Batson*.[1] The State's admission that it struck male members of the venire to balance the number of male and female jurors was a clear expression of discriminatory intent to remove jurors based on their gender. *See State v. Chatwin*, 58 P.3d 867, 872 (Utah Ct. App. 2002) (holding that a prosecutor's expressed intent to use peremptory challenges "to create gender balance in the jury" "was discriminatory"). Accordingly, we conclude that the district court clearly erred when it denied Splond's *Batson* challenge. Such an error is structural and requires reversal. *Diomampo v. State*, 124 Nev. 414, 423, 185 P.3d 1031, 1037 (2008).

Splond also raises two other issues we find it necessary to address. Before trial, Splond moved to admit a paternity test to demonstrate that he was not the father of S.C.'s child. The district court denied the motion,

---

[1]We note that Splond nevertheless successfully made a prima facie case under step one of *Batson*. The opponent of the strike makes a prima facie case under step one when he or she shows "that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93-94. The burden under step one "is not onerous and does not require the opponent of the strike to meet his or her ultimate burden of proof under *Batson*." *Watson*, 130 Nev. at 775, 335 P.3d at 166. When evaluating gender-based *Batson* claims, we "compare[ ] the percentage of the *Batson* [proponent's] peremptory challenges used against targeted-group members with the percentage of targeted-group members in the venire." *Id.* at 778, 335 P.3d at 168 (internal quotations omitted). Here, roughly 68 percent of the venire was male. The State used 90 percent of its peremptory challenges against men. Under these facts, the disparity between these two percentages is enough to create an inference of discriminatory purpose. *Cf., id.* at 778-79, 335 P.3d at 168 (holding that State's use of 67 percent of its peremptory challenges to remove women, which constituted 56 percent of the venire, did not create an inference of discriminatory purpose because the percentages were roughly parallel).

concluding that S.C.'s pregnancy and the paternity of her child was not relevant because S.C.'s pregnancy occurred a year-and-a-half after Splond allegedly assaulted her. Additionally, the court found that S.C. had not falsely claimed that Splond was the child's father. Despite the district court's ruling, the State raised the issue of S.C.'s pregnancy during trial. Splond moved to admit the paternity test a second time, which the district court denied. Under these facts, we conclude that the district court abused its discretion when it prevented Splond from admitting the paternity test. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing evidentiary decisions for an abuse of discretion). The State opened the door to such evidence when it introduced the issue of S.C.'s pregnancy, and Splond's proffered paternity test directly responded to it. *See United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) (holding that "the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission"). Under these facts, a reasonable juror might infer that S.C.'s pregnancy resulted from Splond's alleged sexual assault. On remand, the district court must allow Splond to introduce evidence regarding the paternity of S.C.'s child if the State raises the issue again.

Additionally, during trial, Splond sought to impeach two of the State's witnesses, Tavanna McDonald and Lisa Wallis, with gross misdemeanor convictions for crimes of dishonesty. The district court prohibited Splond from doing so. A party may impeach a witness with a gross misdemeanor conviction for a crime involving dishonesty "as long as the impeachment pertains to truthfulness or untruthfulness" and the party does not attempt to introduce extrinsic evidence. *Butler v. State*, 120 Nev. 879, 890, 102 P.3d 71, 79 (2004) (internal quotations omitted). Both forgery

and theft tend to demonstrate a propensity for dishonesty and untruthfulness as a witness. *Id.* at 891, 102 P.3d at 80 (holding that "forgery is a crime involving dishonesty and conduct that goes to [the witness's] truthfulness as a witness"); *Warren v. State*, 121 Nev. 886, 897, 124 P.3d 522, 529 (2005) (holding that the defendant's conviction for petty theft related to dishonesty and directly challenged his credibility as a witness). Therefore, we conclude that the district court abused its discretion when it prohibited Splond from impeaching McDonald and Wallis with their gross misdemeanor convictions. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109. On remand, the district court must give Splond the opportunity to impeach McDonald and Wallis with their gross misdemeanor convictions consistent with *Butler*.

Having reviewed Splond's remaining arguments on appeal, we conclude they are without merit and decline to address them. Based on the foregoing, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Parraguirre

_____ , J.
Hardesty

_____ , J.
Cadish

cc: Hon. Carolyn Ellsworth, District Judge
Cofer & Geller, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A